## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ANDRES DUQUE, on his own behalf and on behalf of others similarly situated,

    Plaintiff,

vs.

50 EGGS, INC., a Florida for-profit corporation, SOUTHERN OPERATIONS, LLC, a Florida limited liability company, and JOHN KUNKEL, an individual,

    Defendants.

_____/

COLLECTIVE ACTION COMPLAINT

## **COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff ANDRES DUQUE, on his own behalf and on behalf of those similarly situated ("Plaintiff" or "Duque"), who was an employee of Defendants 50 EGGS, INC., a Florida for-profit corporation, SOUTHERN OPERATIONS, LLC, a Florida limited liability company, and JOHN KUNKEL, an individual (together, "Defendants"), and files this Collective Action Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and declaration of rights.

1. This action is brought pursuant to the FLSA for unpaid minimum wage compensation, unpaid overtime wage compensation, reimbursement for tips wrongfully taken, liquidated damages, and other relief.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

2. Pursuant to the FLSA, Plaintiff and the proposed collective action members were subjected to similar violations of the FLSA by Defendants.  These violations included that class members were required to participate in a tip pool with non-tipped employees, although they were already being paid below the minimum wage as tipped employees, in violation of the FLSA. The class of similarly situated employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit.

3. Additionally, Plaintiff and those similarly situated seek a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

4. The precise size and identity of the class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

## II.  JURISDICTION AND VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

6. This Court has original jurisdiction over Plaintiff's federal question claims.

## III.  PARTIES

7. Plaintiff ANDRES DUQUE ("Duque") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).  Plaintiff consents to participate in this lawsuit.

8. Plaintiff Duque and the proposed class members were subjected to similar violations of the FLSA by Defendants for the three years preceding the filing of this lawsuit.

9. Defendant 50 EGGS, INC. is a Florida for-profit company that has owned and operated SOUTHERN OPERATIONS, LLC d/b/a Yardbird restaurant ("Yardbird"), located at 1600 Lenox Avenue in Miami Beach, Miami-Dade County, Florida.

10. Defendant SOUTHERN OPERATIONS, LLC is a Florida limited liability company that has owned and operated Yardbird restaurant ("Yardbird") located at 1600 Lenox Avenue in Miami Beach, Miami-Dade County, Florida.

11. Defendant JOHN KUNKEL ("Kunkel"), an individual and *sui juris*, was the owner and operator of 50 EGGS, INC., and SOUTHERN OPERATIONS, LLC d/b/a Yardbird restaurant (together, "the Enterprise"), the integrated enterprise by which class members were employed. Kunkel acted directly and indirectly in the interest of the Enterprise. Kunkel managed the Enterprise and had the power to direct employees' actions.  Kunkel had management responsibilities, degree of control over the Enterprise's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurants in accordance with the FLSA making Defendant John Kunkel an employer pursuant to 29 USC § 203(d).

## IV. COVERAGE

12. During the all material times, Defendants 50 EGGS, INC. and SOUTHERN OPERATIONS, LLC, were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

(s), in that they were engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. During the all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

14. During all material times, the Enterprise had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V.   FACTUAL ALLEGATIONS

15. Defendants operated a restaurant known as Yardbird restaurant located at 1600 Lenox Avenue in Miami Beach, Miami-Dade County, Florida.

16. Duque worked as a tipped employee ("server") for Defendants from August, 2017, approximately, to August, 2019. As the maximum statute of limitations under the FLSA is three years, the Relevant Time Period is between September 1, 2016 and September 1, 2019.

17. During the Relevant Time Period, the applicable Florida minimum wage was $8.05 per hour in 2016, $8.10 per hour in 2017, $8.25 in 2018, and $8.46 per hour in 2019.

18. During the Relevant Time Period, the applicable Florida minimum overtime wage was one-and-one-half times Plaintiff's regular rate of pay.

19. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

20. To utilize the tip credit under the FLSA, the employer must pay its servers the proper minimum wage for servers and allow its servers to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its servers the full applicable minimum wage.

21. Plaintiff, and those similarly situated, were required to share their tips with employees who were not customarily and regularly tipped ("non-tipped employees"), such as dishwashers ("polishers"), in an illegal tip-sharing scheme in violation of the Act.

22. Plaintiff, and those similarly situated, were regularly required to engage in non-tip-producing sidework, in excess of twenty percent of their work time, in violation of the Act.

23. Plaintiff, and those similarly situated, were required to pay for required uniform items, in violation of the Act.

24. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

25. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum wage obligation, and must therefore pay Plaintiff, and those similarly situated, the minimum wage for each regular hour worked and the overtime wage for each overtime hour worked.

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

26. Because of the institution and maintenance of the illegal tip-sharing scheme and tip credit violations, the non-payment of wages due, and the lack of notice required, Defendants willfully engaged in practices that denied Plaintiff and those similarly situated their applicable minimum and overtimes wages under the FLSA.

27. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff seeks certification of collective action from this court, for himself and those similarly situated, pursuant to 29 U.S.C. 216(b).

29. Plaintiff and those similarly situated performed the same or similar jobs as one another in that they were employed as servers in Defendants' restaurants.

30. Plaintiff and those similarly situated were subjected to similar policies in that Defendants forced Plaintiff and those similarly situated to share their tips with non-tipped employees.

31. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit.

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

32. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

33. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of forcing Plaintiff and those similarly situated to participate in an illegal tip-sharing scheme, in which their tips were shared with non-tipped employees, and to kick-back a portion of their tips directly or indirectly to Defendants, or to others for Defendants' benefit.

34. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing Plaintiff and those similarly situated within the meaning of the FLSA for one or more workweeks without compensating them for their work at the minimum wage rate for all hours worked up to forty in a week and at the overtime rate of time-and-one-half for all hours worked in excess of forty hours in a work week. Thus, Defendants acted willfully by failing to pay Plaintiff, and those similarly situated, in accordance with the law.

### COUNT I
### FAILURE TO PAY MINIMUM WAGE IN
### VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

35. Plaintiff reincorporates and re-alleges paragraphs 1 through 34 as though set forth fully herein and further alleges as follows:

36. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to participate in an illegal tip-sharing scheme in which servers shared their tips with non-tipped employees.

37. Defendants willfully and intentionally forced Plaintiff to regularly spend twenty percent or more of his work time on sidework.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

38. Defendants did not provide Plaintiff, and those similarly situated, with the requisite notice for instituting the tip credit under the FLSA.

39. As a direct and proximate result of forcing Plaintiff and those similarly situated to share tips with non-tipped employees, and for not providing the required notice under the FLSA, Plaintiff and those similarly situated have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ANDRES DUQUE, on behalf of himself and those similarly situated, demands judgment in his favor and against Defendants 50 EGGS, INC., SOUTHERN OPERATIONS, LLC, and JOHN KUNKEL, jointly and severally, as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all regular hours at the full minimum wage for which Defendants claimed the tip credit;

b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all regular hours at the full minimum wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff, and those similarly situated, return of tips wrongfully taken and distributed to non-tipped employees;

d) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

e) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

40. Plaintiff, and those similarly situated, reincorporate and re-allege paragraphs 1 through 34 as though set forth fully herein and further allege as follows:

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

41. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to participate in an illegal tip-sharing scheme in which servers shared their tips with non-tipped employees.

42. Defendants willfully and intentionally forced Plaintiff to regularly spend twenty percent or more of his work time on sidework.

43. Defendants did not provide Plaintiff, and those similarly situated, with the requisite notice for instituting the tip credit under the FLSA.

44. As a direct and proximate result of forcing Plaintiff and those similarly situated to share tips with non-tipped employees, and for not providing the required notice under the FLSA, Plaintiff and those similarly situated have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ANDRES DUQUE, on behalf of himself and those similarly situated, demands judgment in his favor and against Defendants 50 EGGS, INC., SOUTHERN OPERATIONS, LLC, and JOHN KUNKEL, jointly and severally, as follows:

   a) Award to Plaintiff, and those similarly situated, for payment of all hours worked in excess of forty per week at the full overtime wage for which Defendants claimed the tip credit;

   b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all overtime hours at the full overtime wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff, and those similarly situated, return of tips wrongfully taken and distributed to non-tipped employees;

    d) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

    e) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

45. Plaintiff reincorporates and re-alleges paragraphs 1 through 34 as though set forth fully herein, and further alleges as follows:

46. Plaintiff, and those similarly situated, and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's, and those similarly situated, request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

47. Defendants did not rely on a good faith defense in forcing Plaintiff, and those similarly situated, to share tips with non-tipped employees.

48. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

49. Members of the proposed Class are currently employed by Defendants.

50. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff, and those similarly situated, from Defendants, now and in the future.

    WHEREFORE Plaintiff ANDRES DUQUE, on behalf of himself and those similarly situated, demands the entry of judgment in his favor and against Defendants 50 EGGS, INC., SOUTHERN OPERATIONS, LLC, and JOHN KUNKEL, jointly and severally, as follows:

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 27th day of September, 2018.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **October 29, 2019**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com

11

legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

12

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808